CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
Rhu
NOV 21 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERENCE DE'SHAY CLEMENTS, ) <br> Plaintiff, ) | Civil Action No. 7:05cv00666 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| AL SCOTT, et al., ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Terence De'Shay Clements, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Clements alleges that defendants conducted an illegal search of his home, photographed his cat without his permission, and conspired to falsely convict him for crimes committed in Campbell County and the City of Lynchburg. Additionally, Clements alleges that during a jail house interview related to those crimes he was assaulted by defendant Scott. He is seeking monetary damages and an apology for the conspiracy to convict him and assault. After reviewing plaintiff's complaint and petition, I find that all claims must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

I.  **Allegations**

Clements alleges that the Campbell County Prosecutor, the Lynchburg Commonwealth Attorney, and various other parties including police officers, private investigators, the victim of his crime, and the mother of the victim, conspired to falsely accuse him of crimes and present false testimony and evidence in his trials in the Campbell County Circuit Court and the Circuit Court for the City of Lynchburg. Additionally, he claims that in securing his conviction Patric Fendley, the victim's mother, made threats against him, used her "influence" to have her

pending criminal prosecutions <u>nolle prosequi</u>, and used "her money" to ensure he was convicted of the crimes which Clements alleges her boyfriend actually committed.

Further, Clements alleges that during the course of defendant Scott's investigation of these crimes, he searched Clements apartment and took pictures of Clement's cat without a warrant. At some point thereafter, Clements alleges that Scott interviewed him at the Campbell County Jail. During that interview Clements claims that Scott attempted to force him to make a false confession related to the pending charges. Clements states that he refused to write the confession as dictated by Scott, stood, and attempted to get the guard's attention so he could be returned to his cell. However, he alleges that Scott then forced him back into the chair by putting an arm around his shoulders and putting his hand on Clements' face. Clements continued to refuse to write the confession and shortly thereafter was returned to his cell. Clements does not allege that he has suffered any injury related to this incident.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

### A. Claims Related to Clement's Criminal Conviction

To the extent Clements seeks damages for the alleged conspiracy to convict him, for the illegal search of his apartment and photographing of his cat, the alleged undue influence of a third party on the outcome of his trial, and alleged attempt to force him to sign a false confession, I find that Clements is not entitled to relief.

If true, Clements' allegations would necessarily call into question the validity of his convictions in the Campbell County Circuit Court and the Circuit Court for the City of Lynchburg. To recover damages for an allegedly unconstitutional conviction or for harm caused by actions whose lawfulness would render a conviction or sentence invalid, a prisoner must prove that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by the federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Clements does not allege that his convictions have been overturned, expunged, or declared invalid. Furthermore, this court has specifically refused to issue a § 2254 writ as to both circuit court convictions.[1] As such, I find that this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Excessive Force

Clements alleges that when he refused to write a false confession regarding the crimes committed in Campbell County and the City of Lynchburg, defendant Scott put his arm around Clements' shoulders, put his hand in Clements' face, and forced him to sit in a chair, thereby subjecting him to an excessive use of force.

---

[1] See Civil Action Nos.: 7:05cv00029, Clements v. Commonwealth of Virginia, and 7:05cv00153, Clements v. Commonwealth of Virginia.

3

The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762. Also, the inmate must prove the correction official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'". Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail

4

on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Clements claims only that Scott put his arm around his shoulders, put his hand in his face, and forced him to be seated in the chair Clements had just vacated. However, he does not allege that he was in any way injured by Scott's actions. Furthermore, he admits that shortly thereafter he was returned to his cell, thus he was not forced to remain seated for more than a few moments. As such, I find that the injuries he alleges to have suffered are de minimis and do not amount to a constitutional violation. Furthermore, I find that the minimal use of force applied in causing Clements to be seated is not the kind "repugnant to the conscience of mankind." Accordingly, I find that Clements has failed to state a claim under the Eighth Amendment.

### III. Conclusion

Based on the foregoing, I find that Clements has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

**ENTER**: This 21st day of November, 2005.

/s/ Jackson L. Kiser
United States District Judge